## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
## MANHATTAN DIVISION

### CASE NO.: 1:25-cv-09429

JUNAID MORTIMER,

        Plaintiff,

v.

WUKRERAN, CINYIFAAN, DEXIANGTT,
LINGSAHNG, LUCKY POSTER ART, PRETTY
BUY, BOOMING ART STORE, SHTONG
OCEAN668, WEIYIXING, HHWXKG, QIUSUO,
XUEFENG POSTER DECORATION SHOP,
WANZAIXIANZHONGNONGXINGBAIHUODIAN,
ESOARIPE, ANJIN-US, WRENPIES, XINGE ART,
ORAN FASHION, ROSEMIA, FORLISEA,
ACESHION, COLOR DUTY, PUB QUEEN,
CLEARANCE DEALS 2025 UNBEATABLE,
ETCYY STORE, BIBISHAN, FUN-T, AND
YUNYANGSHANMAO

        Defendants.

---

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff JUNAID MORTIMER ("Mortimer" or "Plaintiff"), by and through his

undersigned counsel, brings this complaint against Defendants WUKRERAN, CINYIFAAN,

DEXIANGTT, LINGSAHNG, LUCKY POSTER ART, PRETTY BUY, BOOMING ART

STORE, SHTONG OCEAN668, WEIYIXING, HHWXKG, QIUSUO, XUEFENG POSTER

DECORATION SHOP, WANZAIXIANZHONGNONGXINGBAIHUODIAN, ESOARIPE,

ANJIN-US, WRENPIES, XINGE ART, ORAN FASHION, ROSEMIA, FORLISEA,

ACESHION, COLOR DUTY, PUB QUEEN, CLEARANCE DEALS 2025 UNBEATABLE,

ETCYY STORE, BIBISHAN, FUN-T, AND YUNYANGSHANMAO ("Defendants") are

promoting, selling, offering for sale and distributing goods bearing copies and substantially similar imitations of Plaintiff's Works within this district through internet based e-commerce stores on online marketplace(s), and in support of its claims, alleges as follows:

## SUMMARY OF THE ACTION

1.      Plaintiff brings this action for willful copyright infringement and piracy committed for purposes of commercial advantage or private financial gain by the reproduction or distribution, including by electronic means, of one or more copies of its copyrighted works in violation of 17 U.S.C. § 501, and for all the remedies available under the Copyright Act 17 U.S.C. § 101, *et seq.*, The All Writs Act, 28 U.S.C. § 1651(a), and the New York General Business Law § 349.

## SUBJECT MATTER JURISDICTION

2.      This court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

3.      This court also has subject matter jurisdiction over this action pursuant to 17 U.S.C. § 301.

4.      This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

## PERSONAL JURISDICTION

5.      Defendants are subject to personal jurisdiction in this district because they purposefully direct their activities toward and conduct business with consumers throughout the United States, including within the state of New York and this district, through internet based e-commerce stores accessible in New York and operating under their Seller IDs.

6.      Defendants are subject to personal jurisdiction in this district because their illegal activities directed towards the state of New York cause Plaintiff injury in New York, and Plaintiff's claims arise out of those activities.

7.      Defendants maintain online internet-based e-commerce stores on online marketplace(s) where Defendants sell a variety of goods to New York residents.

8.      New York residents can access the defendants' online internet-based e-commerce stores on online marketplace(s) to purchase an endless variety of goods.

9.      New York residents can readily access the defendants' online internet-based e-commerce stores on online marketplace(s). New York residents can browse goods offered for sale by Defendants that are available to ship directly to homes in New York and also are available for pickup in New York at different locations.

10.     Defendants target their business activities toward consumers throughout the United States, including within this district. Defendants promote sales on the internet to New York residents through a variety of methods including search engine optimization (SEO) efforts, follow-up emails to New York residents, and banner ads promoting products that direct customers, including New York residents, to additional information on those products.

11.     Defendants operate online stores that offer shipping to the United States, including New York, and accept payment in U.S. dollars.

12.     Defendants secure direct financial benefit from purchases made by New York residents as well as indirect commercial gain from the web traffic and sales generated to New York residents.

13.     A substantial part of the Defendants' revenue derives from their sales to New York customers.

14.     Defendants are subject to personal jurisdiction in this district because their illegal activities directed towards the state of New York cause Plaintiff injury in New York, and Plaintiff's claims arise out of those activities, pursuant to New York CPLR § 302(a)(1).

15.     Alternatively, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

## **VENUE**

16.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(3) because Defendants are subject to the court's personal jurisdiction and are not residents in the United States, and there is therefore no district in which an action may otherwise be brought.

17.     Venue is proper in this court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, aliens who are engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling and/or shipping infringing products to consumers into this district.

## **THE PLAINTIFF**

18.     Mortimer is an artist based in England. Mortimer creates artwork featuring skeletons in surreal scenes. The romance between love and death is the underlying theme in Mortimer's artwork. With careful preparation, Mortimer creates artworks with the essence of gothic and charismatic elements, which are reflected in the black and white colors.

19.     Mortimer's surreal scenes of skeletons have resulted in ever-growing popularity among gothic art lovers.

20.     Mortimer's products are sold legitimately through his website and authorized retailers at https://www.jumoart.etsy.com, https://www.icanvas.com/canvas-art-

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK ◆ INDIANA ◆ TEXAS

prints/artist/junaid-mortimer?product=canvas&sort=popular, and

https://www.teepublic.com/user/jumoart.

21.    Mortimer is the owner of the copyrights described below that are the subject of

this action.

22.    Mortimer offers for sale and sells his artworks within the state of New York,

including this district, and throughout the United States.

23.    Like many other intellectual property rights owners, Mortimer suffers ongoing

daily and sustained violations of his intellectual property rights at the hands of infringers such as

Defendants herein.

24.    Mortimer is harmed, the consuming public is duped and confused, and the

Defendants earn substantial profits in connection with the infringing conduct.

25.    In order to combat the harm caused by the combined actions of Defendants and

others engaging in similar infringing conduct, Mortimer expends significant resources in

connection with his intellectual property enforcement efforts, including legal fees and

investigative fees.

26.    The explosion of infringement over the Internet has created an environment that

requires artists like Mortimer to expend significant time and money across a wide spectrum of

efforts in order to protect both consumers and himself from the ill effects of infringement of his

intellectual property rights.

## PLAINTIFF'S COPYRIGHT RIGHTS

27.    Mortimer's unique artworks featuring gothic skeletons in surreal scenes, shown

below are protected by copyrights and registered with the Copyright Office (collectively,

"Copyrighted Works").

"To The Moon and Back"



"Hope"



"Lucky Stars"



"Moonlight Swing"



28.     Mortimer's Copyrighted Works are duly registered with the Registrar of

Copyrights as two-dimensional artworks as shown in the table below. True and correct copies of

Copyright Certificates of Registration and the Copyrighted Works they apply to are attached

hereto as **Composite Exhibit 1.**

| Copyright Title | Reg. No. | Reg. Date |
|---|---|---|
| "To The Moon and Back" | VA 2-377-634 | November 13, 2023 |
| "Hope" | VA 2-377-639 | November 13, 2023 |
| "Lucky Stars" | VA 2-377-737 | November 13, 2023 |
| "Moonlight Swing" | VA 2-377-857 | November 13, 2023 |

29.     Mortimer's genuine, high-quality artworks are widely and legitimately advertised,

promoted, and sold by Mortimer and his authorized distributors.

30.     Mortimer has never granted authorization to anyone to advertise, market, or

promote unauthorized goods using Mortimer's Copyrighted Works.

## DEFENDANTS

31.     The Defendants are the following individuals or entities who are currently known

to the Plaintiff only by their Seller ID as follows:

| Company Name Provided Online | Seller Name | Seller ID | Physical Address provided online |
|---|---|---|---|
| qingdaomaoyuanshiyangguojimao yiyouxiangongsi | Wukreran | AEBZXC4Y G0I9G | 棘洪滩街道新城云樾晓院三期青岛市<br>城阳区山东省<br>266109<br>CN |
| tuqiongfang qiongfang tu | Cinyifaan | A38J6WA7 WG6BQD | 梧村街道厦禾路999-1号1102室厦门市思明区福建<br>361001<br>CN |

| Company Name Provided Online | Seller Name | Seller ID | Physical Address provided online |
|---|---|---|---|
| guangzhoushidexiangfuzhongbiao youxiangongsi | DEXIANGTT | A1HQJQ3U PPP19B | 天源路804号12栋301-W264房<br>广州市天河区广东省<br>510645<br>CN |
| yiwushilingshangdianzishangwuy ouxiangongsi | lingsahng | A35IWQIC B26O03 | 凌云三区义乌市北苑街道浙江省<br>322000<br>CN |
| xianyouxianlinanjiedaozhenghuiji ajushandian | Lucky poster art store | A2WBAVE ZERTRM5 | 鲤城街道师范路988号<br>莆田市福建<br>351200<br>CN |
| Suzhou Tachao Trading Co.,Ltd | Pretty Buy | A281LHOF DXDGBG | guli town yudong road NO.589 changshu jiangsu<br>215500<br>CN |
| XiangYangShiRouNongYingXian gShangMaoYouXianGongSi | Booming art store | A3TMOVIS WHVQX1 | 泾阳县崇文佳苑8区<br>咸阳市陕西<br>712000<br>CN |
| putianshimeizhouwanbeianjingjik aifaqushantingjiang | shtong ocean668 | A5CIM68E3 L22R | 山亭镇蒋山村下蒋16号莆田市秀屿区福建<br>351100<br>CN |
| putianshilichengqusuijinfuzhuang dian | weiyixing | AKOGKNC N32OAT | 荔城区镇海街道文献东路1300号冬梅小区B区4号楼1梯901室<br>莆田市福建<br>351100<br>CN |

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK ◆ INDIANA ◆ TEXAS

| Company Name Provided Online | Seller Name | Seller ID | Physical Address provided online |
|---|---|---|---|
| guangzhouyuyingwangluokejiyou xiangongsi | HHWXKG | A3BFQ68V ZOBDE7 | 市桥街光明南路199号20号楼306 广州市番禺区广东省 511400 CN |
| YIWUSHIQIUSUOKEJIYOUXI ANGONGSI | QIUSUO | A13IF653L3 5L9V | 南下朱B区42幢一单元506室 义乌市江东街道 浙江省 322000 CN |
| xianyouxianlichengjiedaolinxuefe ngbaihuolingshouch | Xuefeng poster decoration shop | A97JB5LCT W5JT | 仙游县鲤城街道木兰路768号 莆田市福建 351200 CN |
| wanzaixianzhongnongxingbaihuo dian | wanzaixianzhongno ngxingbaihuodian | A2Y7C0X8 LGB8C0 | 万载县株潭镇上坊村75号 宜春市江西 336000 CN |
| zhangzhoucainiaodianzishangwuy ouxiangongsi | esoaripe | A35LQRUQ BDJ5Z9 | 绥安镇蔡新路19号汤泉世纪11幢C梯C403室 漳州市漳浦县福建省 363200 CN |
| TING LU | ANJIN-US | ANNVQ1M 90ZFA | 沙井街道共和社区新桥同富裕工业区恒明珠科技工业园20栋327 深圳市宝安区广东省 518104 CN |

| Company Name Provided Online | Seller Name | Seller ID | Physical Address provided online |
|---|---|---|---|
| guangzhoushizhengrongguojimaoyiyouxiangongsi | wrenpies | A2PD24L4IKAY53 | 南沙区丰泽东路106号<br>广州广东<br>510000<br>CN |
| FuJianXingChenGeDianZiShangWuYouXianGongSi | Xinge Art | A3M0N9TH41U4CN | 青口镇农光路68号中建花园15幢1802单元<br>福州闽侯县福建<br>350119<br>CN |
| XIANSHIYANTAQUBAISHIKUNPENGFUZHUANGDIAN | Oran Fashion | A1BHM3R6UY422M | 凌塘新街29号201<br>广州市<br>天河区新塘街道<br>广东省<br>510630<br>CN |
| guang zhou shi li wan ruo shi mai fu zhuang shang | rosemia | A2SNWIZ3Z5JKMD | 荔湾区西增路63号B2栋108房<br>广州市广东省<br>510000<br>CN |
| xiamenlanxinqiaomaoyiyouxiangongsi | Forlisea | A3L43ZX0G2FQ1V | 海沧区沧湖东一里513号905室<br>厦门市福建省<br>361026<br>CN |
| jinjiangyingtewangluokejiyouxiangongsi | Aceshion | AGZJWM7Q9V9RO | 长兴路788号融泉花都2幢1504室<br>泉州晋江市福建<br>362200<br>CN |
| nanyangxiarongshangmaoyouxiangongsi | Color Duty | AG2KAWBZXYSVM | 涅阳路中段书香苑小区6楼602号<br>南阳市镇平县河南省<br>47300<br>CN |

| Company Name Provided Online | Seller Name | Seller ID | Physical Address provided online |
|---|---|---|---|
| Guangzhou Meihuang Trading Co.,Ltd. | PUB QUEEN | A2LX428B4 YE9M3 | 番禺区南村镇兴南大道468号408房<br>广州市广东<br>511400<br>CN |
| guangzhoushisongxingbaihuoyou xiangongsi | clearance deals 2025 Unbeatable | A1ORUEG CKSGR3C | 沙太路银利街12号之一209室A200<br>广州市天河区<br>510599<br>CN |
| Yi Wu Ran Jin Trade Limited Company | ETCYY STORE | AHI4ED5F LWVDZ | 江东街道商苑社区<br>青岩刘A区38幢1单元301室<br>义乌市浙江省<br>322000<br>CN |
| shenzhenshibibishanmaoyiyouxia ngongsi | bibishan | A1S6YVC MOMW7PY | 民治大道542号智慧谷创新广场B210<br>龙华区民治街道新牛社区<br>深圳市广东<br>518000<br>CN |
| Yan'an Besos Technology Co., Ltd. | Fun-T | A35GS3SC5 RSATM | 嘉禾路388号401<br>厦门市<br>湖里区福建省<br>361000<br>CN |
| henanyunyangshangmaoyouxiang ongsi | yunyangshanmao | A27QMT2L LPAQV8 | 常青藤8号楼1单元602红旗区向阳路<br>新乡市河南省<br>453000<br>CN |

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK ◆ INDIANA ◆ TEXAS

32.     Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

33.     Defendants are individuals and/or business entities, each of whom, upon information and belief, either resides and/or operates in foreign jurisdictions, redistributes products from the same or similar sources in those locations, and/or ships their goods from the same or similar sources in those locations to shipping and fulfillment centers within the United States to redistribute their products from those locations.

34.     Defendants are engaged in business in New York but have not appointed an agent for service of process.

35.     Upon information and belief, Defendants have registered, established or purchased, and maintained their Seller IDs.

36.     Defendants target their business activities toward consumers throughout the United States, including within this district, through their simultaneous operation of commercial Internet based e-commerce stores via the Internet marketplace websites under the Seller IDs.

37.     Defendants are the past and present controlling forces behind the sale of products infringing Plaintiff's intellectual property rights as described herein operating and using at least the Seller IDs.

38.     Defendants directly engage in unfair competition with Plaintiff by advertising, offering for sale, and selling goods infringing Plaintiff's intellectual property rights to consumers within the United States and this district through Internet based e-commerce stores using, at least, the Seller IDs and additional names, websites, or seller identification aliases not yet known to Plaintiff.

39.    Defendants purposefully direct some portion of their illegal activities towards consumers in the state of New York through the advertisement, offer to sell, sale, and/or shipment of infringing goods into the State.

40.    Upon information and belief, Defendants may have engaged in fraudulent conduct with respect to the registration of the Seller IDs by providing false and/or misleading information to the marketplace where they offer to sell and/or sell during the registration or maintenance process related to their respective Seller IDs.

41.    Upon information and belief, many Defendants registered and maintained their Seller IDs for the sole purpose of engaging in illegal activities.

42.    Upon information and belief, Defendants will likely continue to register or acquire new seller identification aliases for the purpose of selling and offering for sale infringements of Plaintiff's intellectual property rights unless preliminarily and permanently enjoined.

43.    Defendants use their Internet-based businesses to infringe the intellectual property rights of Plaintiff and others.

44.    Defendants' business names, i.e., the Seller IDs, associated payment accounts, and any other alias seller identification names or e-commerce stores used in connection with the sale of infringements of Plaintiff's intellectual property rights are essential components of Defendants' online activities and are one of the means by which Defendants further their infringement scheme and cause harm to Plaintiff.

45.    Upon information and belief, at all times relevant hereto, Defendants had actual or constructive knowledge of Plaintiff's intellectual property rights, including Plaintiff's right to use and license such copyrights.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK ◆ INDIANA ◆ TEXAS

## JOINDER OF DEFENDANTS IN THIS ACTION IS PROPER

46.     Defendants are promoting, selling, offering for sale and distributing goods bearing copies or substantially similar imitations of Plaintiff's intellectual property within this district.

47.     Joinder of all Defendants is permissible based on the permissive party joinder rule of Fed. R. Civ. P. 20(a)(2) that permits the joinder of persons in an action as Defendants where any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all Defendants will arise in the action.

48.     Joinder of the Defendants is permitted because Plaintiff asserts rights to relief against these Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and common questions of law or fact will arise in the action.

49.     Joinder of the Defendants serves the interests of convenience and judicial economy, which will lead to a just, speedy, and inexpensive resolution for Plaintiffs, Defendants, and this Court.

50.     Joinder of the Defendants will not create any unnecessary delay nor will it prejudice any party. On the other hand, severance is likely to cause delays and prejudice Plaintiff and Defendants alike.

51.     Joinder of the Defendants is procedural only and does not affect the substantive rights of any defendant.

52.     Plaintiff's claims against the Defendants are all transactionally related.

53.     Plaintiff is claiming piracy against Defendants of Plaintiff's intellectual property rights.

54.     The actions of all Defendants cause indivisible harm to Plaintiff by Defendants' combined actions engaging in similar infringing conduct when each is compared to the others.

55.     All Defendants' actions are logically related. All Defendants are all engaging in the same systematic approach of establishing online storefronts to redistribute illegal products from the same or similar sources while maintaining financial accounts that the Defendants can easily conceal to avoid any real liability for their actions.

56.     Upon information and belief, all Defendants are located in foreign jurisdictions, mostly China.

57.     All Defendants undertake efforts to conceal their true identities from Plaintiff in order to avoid detection for their illegal activities.

58.     All Defendants have the same or closely related sources for their infringing products with some sourcing from the same upstream source and others sourcing from downstream sources who obtain infringing products from the same upstream sources.

59.     All Defendants take advantage of a set of circumstances that the anonymity and mass reach the internet affords to sell infringing goods across international borders and violate Plaintiff's intellectual property rights with impunity.

60.     All Defendants have registered their Seller IDs with a small number of online platforms for the purpose of engaging in infringement of intellectual property rights.

61.     Defendants operate online stores that offer shipping to the United States, including New York, and accept payment in U.S. dollars.

62.     All Defendants use payment and financial accounts associated with their online storefronts or the online platforms where their online storefronts reside.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK ◆ INDIANA ◆ TEXAS

63.     All Defendants use their payment and financial accounts to accept, receive, and deposit profits from their infringing activities.

64.     All Defendants can easily and quickly transfer or conceal their funds in their use payment and financial accounts to avoid detection and liability in the event that the Plaintiff's anti-counterfeiting efforts are discovered or Plaintiff obtains a monetary award.

65.     All Defendants violated one or more of the Plaintiff's intellectual property rights in the United States by the use of common or identical methods.

66.     All Defendants understand that their ability to profit through anonymous internet stores is enhanced as their numbers increase, even though they may not all engage in direct communication or coordination.

67.     The Defendants are operating multiple internet storefronts and online marketplace seller accounts using different Seller IDs. As a result, there are more Seller IDs than there are Defendants, a fact that will emerge in discovery.

68.     Defendants' business names, i.e., the Seller IDs, associated payment accounts, and any other alias seller identification names or e-commerce stores used in connection with the sale of infringements of Plaintiff's intellectual property rights are essential components of Defendants' online activities and are one of the means by which Defendants further their infringement scheme and cause harm to Plaintiff.

69.     Defendants are using infringements of Plaintiff's intellectual property rights to drive Internet consumer traffic to their e-commerce stores operating under the Seller IDs, thereby increasing the value of the Seller IDs and decreasing the size and value of Plaintiff's legitimate marketplace and intellectual property rights at Plaintiff's expense.

70.    Defendants, through the sale and offer to sell infringing products, are directly, and unfairly, competing with Plaintiff's economic interests in the state of New York and causing Plaintiff harm and damage within this jurisdiction.

71.    The natural and intended byproduct of Defendants' logically related actions is the erosion and destruction of the goodwill associated with Plaintiffs' intellectual property rights and the destruction of the legitimate market sector in which it operates.

72.    Upon information and belief, at all times relevant hereto, Defendants had actual or constructive knowledge of Plaintiff's intellectual property rights, including Plaintiff's exclusive right to use and license such intellectual property rights as vested in Plaintiff's Copyrights.

## DEFENDANTS' INFRINGING ACTIVITIES

73.    Defendants are promoting, advertising, distributing, selling, and/or offering for sale cheap copies or imitations of one or more of Plaintiff's products in interstate commerce that are infringements of Plaintiff's Copyrights (the "Infringing Goods") through at least the Internet based e-commerce stores operating under the Seller IDs via Amazon.com.

74.    Defendants are using infringements of Plaintiff's Copyrights to initially attract online customers and drive them to Defendants' e-commerce stores operating under the Seller IDs.

75.    Plaintiff has used its Copyrights extensively and continuously before Defendants began offering goods bearing or using unauthorized reproductions or derivative works of Plaintiff's intellectual property.

76.    Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Infringing Goods without authority to use the Plaintiff's intellectual property.

77. Defendants advertise their e-commerce stores, including their Infringing Goods offered for sale, to the consuming public via e-commerce stores on, at least, one Internet marketplace website operating under, at least, the Seller IDs.

78. In so advertising their stores and products, Defendants improperly and unlawfully use reproductions or imitations of the Plaintiff's intellectual property without Plaintiff's permission.

79. As part of their overall infringement scheme, most Defendants are, upon information and belief, concurrently employing and benefitting from substantially similar, advertising and marketing strategies based, in large measure, upon an illegal use of Plaintiff's Copyrights.

80. Specifically, Defendants are using infringements of the Plaintiff's intellectual property in order to make their e-commerce stores selling illegal goods appear more relevant and attractive to consumers searching for both Plaintiff's goods and goods sold by Plaintiff's competitors online.

81. By their actions, Defendants are contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for Plaintiff's genuine goods.

82. Defendants are causing individual, concurrent and indivisible harm to Plaintiff and the consuming public by (i) depriving Plaintiff and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Plaintiff's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with Plaintiff's business and its intellectual property assets, and (iii) increasing Plaintiff's overall cost to market its goods and educate consumers via the Internet.

83.     Defendants are concurrently conducting and targeting their infringing activities toward consumers and likely causing unified harm within this district and elsewhere throughout the United States.

84.     As a result, Defendants are defrauding Plaintiff and the consuming public for Defendants' own benefit.

85.     Plaintiff, or someone under its supervision, accessed Defendants' Internet based e-commerce stores operating under their respective seller identification names through Amazon.com.

86.     Upon accessing each of the e-commerce stores, Plaintiff or someone under Plaintiff's supervision was able to view Infringing Goods using the copyrighted Works, add products to the online shopping cart, proceed to a point of checkout, and otherwise actively exchange data with Defendants' e-commerce stores.

87.     Plaintiff or someone under its supervision personally analyzed Defendants' e-commerce stores and determined that Infringing Goods were being offered for sale to residents of the United States, including New York, because Defendants do not conduct business with Plaintiff and do not have the right or authority to use Plaintiff's copyrighted Works for any reason.

88.     Plaintiff made test purchases from Defendants' e-commerce stores. Plaintiff received the product in the United States and determined the products were Infringing Goods in violation of Plaintiff's copyrighted Works.

89.     Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Plaintiff's ownership of the Plaintiff's intellectual property, including its right to use and license such Copyrights and the goodwill associated therewith.

90.    Defendants' use of Plaintiff's Copyrights, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their Infringing Goods, is without Plaintiff's consent or authorization.

91.    Defendants are engaging in the above-described illegal infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's rights.

92.    If Defendants' intentional infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

93.    Defendants' payment and financial accounts are being used by Defendants to accept, receive, and deposit profits from Defendants' infringing activities connected to their Seller IDs and any other alias, e-commerce stores, or seller identification names being used and/or controlled by them.

94.    Defendants are likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to Plaintiff.

95.    Plaintiff is suffering irreparable injury and has suffered substantial damages as a result of Defendants' unauthorized and infringing activities and their wrongful use of Plaintiff's intellectual property rights.

96.    The harm and damage sustained by Plaintiff has been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Infringing Goods.

97.    Defendants have sold their Infringing Goods in competition directly with Plaintiff's genuine products.

98.      Plaintiff should not have any competition from Defendants because Plaintiff never authorized Defendants to use Plaintiff's intellectual property.

99.      Plaintiff has no adequate remedy at law.

## COUNT I – COPYRIGHT INFRINGEMENT

100.      Plaintiff incorporates the allegations of paragraphs 1 through 99 of this Complaint as if fully set forth herein.

101.      Plaintiff owns valid copyrights in the Works at issue in this case.

102.      Defendants copied, displayed, and distributed products with one or more of the Works at issue in this case and made derivatives of one or more of the Works without Plaintiff's authorization in violation of 17 U.S.C. § 501.

103.      Defendants performed the acts alleged in the course and scope of its business activities.

104.      On information and belief, Defendants routinely and intentionally infringe the intellectual property rights of others, including but not limited to, acting with willful blindness and/or reckless disregard.

105.      Defendants' acts were willful.

106.      Plaintiff has been damaged.

107.      The harm caused is irreparable.

## COUNT II – DECEPTIVE OR UNFAIR TRADE PRACTICES IN VIOLATION OF NEW YORK LAW

108.      Plaintiff incorporates the allegations of paragraphs 1 through 99 of this Complaint as if fully set forth herein.

109.    The New York General Business Law ("NYGBL") broadly declares in §349 that "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

110.    FDUTPA provides that in construing the statute "due consideration and great weight shall be given to the interpretations of the Federal Trade Commission (FTC) and the federal courts relating to Section 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1)."

111.     The Integrity, Notification, and Fairness in Online Retail Marketplaces for Consumers Act (INFORM Act) became effective on June 27, 2023, with the primary goal of increasing transparency in online marketplace transactions.

112.    The INFORM Act requires online marketplaces to collect, verify, and disclose specific information about high-volume third-party sellers to protect consumers from counterfeit, unsafe, and stolen goods.

113.    The INFORM act requires marketplaces to display the business name, physical address, and contact information on product listing pages or in order confirmations for sellers with a gross annual sales of $20,000 within the past two years. This transparency requirement directly addresses consumer protection concerns by enabling buyers to identify and contact sellers, thereby deterring fraudulent activities.

114.    The INFORM Act mandates that online marketplaces collect bank account information, contact information, and tax identification numbers from these sellers.

115.    All the Defendants meet the definition of "high-volume third-party sellers" with annual gross revenues of $20,000 or more.

116.    The Defendants violated the INFORM Act by failing to provide the required information or providing false information.

117.    The INFORM Act explicitly grants enforcement authority to the FTC and violations of the INFORM Act are statutorily defined as "unfair or deceptive acts or practices" under Section 5 of the FTC Act.

118.    The FTC's authority encompasses practices that are "likely to mislead" consumers, even if no actual deception occurs; failure to disclose pertinent facts that could materially affect consumer purchasing decisions constitutes a deceptive practice under established FTC precedent.

119.    When marketplace sellers, such as the Defendants in this case, violate INFORM Act requirements by failing to provide required information or providing false information, they create the precise consumer harm the Act was designed to prevent. Such violations can mislead consumers about seller identity, impede communication regarding defective products, and facilitate the sale of counterfeit or stolen merchandise.

120.    The Defendants' violations of the INFORM Act serves as a predicate violation for Plaintiff's state law unfair or deceptive practice claims.

121.    The defendants' violations of the INFORM Act were a proximate cause of harm to Plaintiff because the violations led to sales by Defendants under circumstances where, *inter alia*, consumers cannot identify sellers or verify their legitimacy; absent required contact information, consumers could not address product defects or seek remedies; non-compliance with the INFORM Act facilitates criminal activity and counterfeit sales; material omissions about seller identity affect consumer choice.

122.    As a direct and proximate result of defendant's unfair or deceptive trade practices, Plaintiff suffered and will continue to suffer loss of reputation among its purchasers and potential purchasers, and Defendants will continue to unfairly acquire income, profits, and goodwill.

123.    Plaintiff has been damaged.

124.    The damage to Plaintiff is irreparable.

125.    Unless enjoined, Defendants' unfair and deceptive practices will continue to deceive the public and injure competition.

WHEREFORE, Plaintiff JUNAID MORTIMER demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants WUKRERAN, CINYIFAAN, DEXIANGTT, LINGSAHNG, LUCKY POSTER ART, PRETTY BUY, BOOMING ART STORE, SHTONG OCEAN668, WEIYIXING, HHWXKG, QIUSUO, XUEFENG POSTER DECORATION SHOP, WANZAIXIANZHONGNONGXINGBAIHUODIAN, ESOARIPE, ANJIN-US, WRENPIES, XINGE ART, ORAN FASHION, ROSEMIA, FORLISEA, ACESHION, COLOR DUTY, PUB QUEEN, CLEARANCE DEALS 2025 UNBEATABLE, ETCYY STORE, BIBISHAN, FUN-T, AND YUNYANGSHANMAO as follows:

    a.    Entry of temporary, preliminary, and permanent injunctions pursuant to the Copyright Act and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Infringing Goods; from copying, displaying, distributing or creating derivative works of Plaintiff's copyrighted Works.

b.  Entry of a Temporary Restraining Order, as well as preliminary and permanent injunctions pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, enjoining Defendants and all third parties with actual notice of the injunction issued by this Court from participating in, including providing financial services, technical services or other support to, Defendants in connection with the sale and distribution of non-genuine goods bearing and/or using infringements that copy, display, distribute or use derivative works of Plaintiff's copyrighted Works.

c.  Entry of an order authorizing seizure, impoundment and/or destruction of all of the products used to perpetrate the infringing acts pursuant to 17 U.S.C. § 503.

d.  Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Plaintiff's request, the applicable governing Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by this Court disable and/or cease facilitating access to the Seller IDs and any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods using infringements of the Works.

e.  Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by this Court permanently remove from the

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK ◆ INDIANA ◆ TEXAS

multiple platforms, which include, inter alia, a direct platform, group platform, seller product management platform, vendor product management platform, and brand registry platform, any and all listings and associated images of goods using infringements of Works via the e-commerce stores operating under the Seller IDs, and upon Plaintiff's request, any other listings and images of goods using infringements of the Works associated with any ASIN linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants to promote, offer for sale and/or sell goods using infringements of the Works.

f.   Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act and this Court's inherent authority that, upon Plaintiff's request, Defendants and any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by this Court immediately cease fulfillment of and sequester all goods of each Defendant using infringements of Works in his inventory, possession, custody, or control, and surrender those goods to Plaintiff.

g.   Entry of an Order requiring Defendants to account to and pay Plaintiff for all profits and damages resulting from Defendants' copyright infringement, or statutory damages (at Plaintiff's election), for all infringements involved in the action, with respect to any one work, for which any one Defendant is liable individually, or for which Defendants are liable jointly and severally with another, in a sum of not less than $750 or more than $30,000 as the Court considers just pursuant to 17 U.S.C. §504(c)(1), or to the extent the

Court finds that infringement was committed willfully, an award of statutory damages to a sum of not more than $150,000 per violation, pursuant to 17 U.S.C. §504(c)(2).

h.  Entry of an award pursuant to 17 U.S.C. § 505 of Plaintiff's costs and reasonable attorneys' fees and investigative fees, associated with bringing this action, including the cost of corrective advertising.

i.  Entry of an award pursuant to the state unfair or deceptive practice statutes sued upon for actual and/or statutory damages, Plaintiff's costs and reasonable attorneys' fees and investigative fees, associated with bringing this action.

j.  Entry of an Order that, upon Plaintiff's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs, or other alias seller identification or e-commerce store names used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s) and remain restrained until such funds are surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein.

k.  Entry of an award of pre-judgment interest on the judgment amount.

l.   Entry of an Order for any further relief as the Court may deem just and

proper.

DATED: November 12, 2025                Respectfully submitted,


*/s/ Rachel I. Kaminetzky*
RACHEL I. KAMINETZKY
New York Bar Number: 6030647
Rachel.kaminetzky@sriplaw.com

**SRIPLAW, P.A.**
41 Madison Avenue
25th Floor
New York, NY 10010
646.517.3609 – Telephone
561.404.4353 – Facsimile

and

JOEL B. ROTHMAN
New York Bar Number: 2459576
joel.rothman@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Junaid Mortimer*