UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 1:25-cv-9429-PKC

JUNAID MORTIMER,

        Plaintiff,

v.

WUKRERAN, *et al.*,

        Defendants.

## ORDER GRANTING *EX PARTE* APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER

This matter is before the Court on Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order and Order Restraining Transfer of Assets (ECF 6), filed under 17 U.S.C. §§ 502 and 503, Federal Rule of Civil Procedure 65, and The All Writs Act, 28 U.S.C. § 1651(a), by Plaintiff, Junaid Mortimer ("Plaintiff").

Plaintiff asks the Court to enter a Temporary Restraining Order and an order restraining the financial accounts used by Defendants. As discussed below, Plaintiff has satisfied the requirements for issuance of a temporary restraining order.

### BACKGROUND[1]

Plaintiff Junaid Mortimer is an English-based artist who creates artwork featuring skeletons in surreal scenes. (Mortimer Decl. ¶ 4).

Plaintiff owns rights in and to the copyrights are the subject of this action. (Mortimer Decl. ¶ 11). Plaintiff registered the Works with the U.S. Copyright Office (hereinafter referred to

---

[1] The following factual background is taken from Plaintiff's Complaint (ECF No. 1), the Application, and supporting evidentiary submissions and exhibits.

as the "Copyrighted Works"). (Mortimer Decl. ¶ 12). A true and correct copy of Plaintiff's copyright registrations can be found at ECF No. 1-1. Plaintiff's Copyrighted Works were never assigned or licensed to any of the Defendants. (Mortimer Decl. ¶ 14).

Plaintiff's products are sold legitimately through iCanvas, TeePublic, and his Etsy Shop at the URL: www.jumoart.etsy.com. (Mortimer Decl. ¶ 5). Plaintiff offers for sale and sells his products within the State of New York, including this district, and throughout the United States. (*Id*).

Plaintiff alleges that Defendants, through e-commerce stores operating via Internet marketplace platforms under their seller identification names identified on the complaint (the "Seller IDs"), have advertised, promoted, offered for sale, or sold goods bearing what Plaintiff has determined to be counterfeits, infringements, reproductions and/or derivatives of Plaintiff's copyrights at issue. (Mortimer Decl. ¶¶ 17-21; Composite Exhibit 1).

Defendants are not now, nor have they ever been authorized or licensed to use, reproduce, or make reproductions, or derivatives of Plaintiff's Copyrighted Work. (Mortimer Decl. ¶ 24).

Plaintiff investigated the promotion and sale of infringing versions of Plaintiff's products by Defendants and to obtain the available payment account data for receipt of funds paid to Defendants for the sale of infringing merchandise through the Seller IDs. (Mortimer Decl. ¶ 21; Rothman Decl. ¶ 9).

Plaintiff or someone under his supervision accessed the e-commerce stores operating under Defendants' Seller IDs. Plaintiff or someone under her supervision created detailed web page captures and images of the infringing products, offered for sale by Defendants, bearing or

using unauthorized copies or derivatives of Plaintiff's Copyrighted Works. (Mortimer Decl. ¶¶ 22-25).

Plaintiff or someone under his supervision reviewed and visually inspected the detailed web page captures and images reflecting Plaintiff's Copyrighted Works and determined the products were non-genuine, unauthorized versions of Plaintiff's Work. (Mortimer Decl. ¶ 25).

On November 12, 2025, Plaintiff filed his Complaint (ECF No. 1) against Defendants for willful copyright infringement and piracy.

On November 17, 2025, Plaintiff filed his *Ex Parte* Application for Entry of a Temporary Restraining Order and Order Restraining Transfer of Assets. (ECF No. 6).

## LEGAL STANDARD

To obtain a temporary restraining order, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Benihana, Inc. v. Benihana of Tokyo, LLC,* 784 F.3d 887, 895 (2d Cir. 2015).

Additionally, Fed. R. Civ. P. Rule 65 provides that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party of its attorney on if:
>
> (A)   specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B)   the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

*Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

## DISCUSSION

Based on Declarations submitted in support of Plaintiff's Motion, the Court concludes that Plaintiff has a strong probability of proving at trial that Defendants advertise, promote, sell, offer for sale, or distribute goods bearing or using unauthorized reproductions or derivatives of the Copyrighted Works, and that the infringement of Plaintiff's copyrights will likely cause Plaintiff to suffer immediate and irreparable injury if an injunction is not granted.

In light of the likelihood that Defendants have violated copyright laws, Plaintiff has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

Accordingly, the Court, having considered the Motion, and having found good cause, it is **ORDERED** that the Motion is **GRANTED,** and a Temporary Restraining Order is entered as follows:

## TEMPORARY RESTRAINING ORDER

1.   Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained and enjoined until further Order of this Court:

   a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing or using Plaintiff's

        copyrights or substantially similar works, other than those actually manufactured or distributed by Plaintiff; and

    b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing and/or using Plaintiff's copyrights or substantially similar works; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using Plaintiff's copyrights or substantially similar works; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant; and

    c. From copying, displaying, distributing, or creating derivative works of Plaintiff's copyrights.

2. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of Plaintiff's copyrights or substantially similar works, on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs. This Order is limited to the Defendants' listings using Plaintiff's copyrights or substantially similar works, on or in connection with all Internet based ecommerce stores owned and operated, or controlled by them, including the Internet based e-

commerce stores operating under the Seller IDs, and does not apply to the Defendants' entire ecommerce stores.

3. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of Plaintiff's copyrights or substantially similar works, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Internet based e-commerce stores registered, owned, or operated by any Defendant, including the Internet based e-commerce stores operating under the Seller IDs.

4. Each Defendant shall not transfer ownership of the Seller IDs during the pendency of this action, or until further order of the Court.

5. Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the Seller IDs and shall take all steps necessary to retrieve computer files relating to the use of the Seller IDs that may have been deleted before the entry of this Order.

6. Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, and marketplace platforms, including but not limited to Amazon.com, and other platforms and their related companies and affiliates shall, to the extent not already done, (i) immediately identify all financial accounts and/or sub-accounts, associated with the Internet based ecommerce stores operating under the Seller IDs, store numbers, infringing product numbers, and/or the e-mail addresses identified in the Complaint, as well as any other accounts of the same customer(s); (ii) identify all other

accounts which transfer funds into the same financial institution account(s) or any of the other financial accounts subject to this Order; (iii) restrain the transfer of all funds, as opposed to ongoing account activity, held or received for their benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto; and (iv) immediately divert those restrained funds to a holding account for the trust of the Court.

7. Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms receiving notice of this Order, shall further, to the extent not already done, provide Plaintiff's counsel with all data that details: (i) an accounting of the total funds restrained and identify the financial account(s) and sub-account(s) which the restrained funds are related to; (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained; (iii) the historical sales for the Defendants' listings that are alleged to infringe Plaintiff's copyrights; and (iv) the true identities along with complete contact information including email addresses of all Defendants.

8. No funds restrained by this Order shall be transferred or surrendered by any Defendant, financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

9. No Defendant whose funds are restrained by this Order may transfer said funds in possession of any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website restrained by this Order to any other financial institution, payment processor, bank, escrow service, money transmitter or marketplace website without the express authorization of this Court.

10. Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order.

11. This Order shall apply to the Seller IDs, associated e-commerce stores and websites, and any other seller identification names, e-commerce stores, websites, or financial accounts which are being used by Defendants for the purpose of copying or using in any way Plaintiff's Copyrights.

12. This Order shall remain in effect **until fourteen (14) days from the date of this order**, or until such further dates as set by the Court or stipulated by the parties.

## BOND TO BE POSTED

13. Pursuant to 17 U.S.C. § 503 (a)(3) and Federal Rule of Civil Procedure 65(c), Plaintiff shall post a bond in the amount of Five Thousand Dollars and Zero Cents ($5,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court, and in the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.

## NOTICE TO DEFENDANTS

14. After Plaintiff's counsel has received confirmation from the financial institutions regarding the funds restrained as directed herein, Plaintiff shall provide notice of this Order to Defendants by serving copies of the complaint, summons, and this Order on each Defendant by e-mail and/or online contact form or other means of electronic contact provided on the e-commerce stores operating under the Seller IDs, or by providing a copy of this Order by e-mail to the marketplace platform for each of the Seller IDs so that the marketplace platform, in turn,

notifies each Defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court.

15. Plaintiff shall post copies of the complaint, summons, the application, this Order, as well as all other documents filed in this action on the website located at the URL www.sriplaw.com/notice and shall provide the address to the website to the Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof.

16. Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendants by regularly updating the website located at the URL www.sriplaw.com/notice, or by other means reasonably calculated to give notice which is permitted by the Court.

17. Additionally, for the purpose of providing additional notice of this proceeding, and all other pleadings, orders, and documents filed herein, the owners, operators and/or administrators of the Internet marketplace websites and/or financial institutions, payment processors, banks, escrow services, money transmitters, and marketplace platforms, at Plaintiff's request, provide Plaintiff's counsel with any e-mail address known to be associated with Defendants' respective Seller IDs.

18. Any response or opposition to Plaintiff's motion for preliminary injunction must be filed and served on Plaintiff's counsel by November 24, 2025.

19. Plaintiff shall file any reply memorandum on or before December 1, 2025.

20. The above dates may be revised upon stipulation by all parties and approval of this Court.

## PRELIMINARY INJUNCTION

21.     An in-person hearing is set before this Court in Courtroom 11D of the United States Courthouse located at 500 Pearl Street, New York, NY on December 4, 2025 at 11 a.m., at which time Defendants and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on Plaintiff's requested Preliminary Injunction.

22.     Defendants are hereby on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to 17 U.S.C. § 502, Federal Rule of Civil Procedure 65, The All Writs Act, 28 U.S.C. § 1651(a), and this Court's inherent authority.

**DONE AND ORDERED** in New York, New York, this 17th day of November, 2025.

_____
P. Kevin Castel
United States District Judge

4:16 P.M.