UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JUNAID MORTIMER,

                    Plaintiff,                        25-cv-9429 (PKC)

        -against-

                                                ORDER

WUKRERAN, et al.,

                    Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff JUNAID MORTIMER ("Mortimer" or "Plaintiff") seeks a Preliminary Injunction under Rule 65, Fed. R. Civ. P., against the fully interactive e-commerce stores operated by Defendants WUKRERAN, CINYIFAAN, DEXIANGTT, LINGSAHNG, LUCKY POSTER ART, PRETTY BUY, BOOMING ART STORE, SHTONG OCEAN668, WEIYIXING, HHWXKG, XUEFENG POSTER DECORATION SHOP, WANZAIXIANZHONGNONGXINGBAIHUODIAN, ESOARIPE, ANJIN-US, WRENPIES, XINGE ART, ORAN FASHION, ROSEMIA, FORLISEA, ACESHION, COLOR DUTY, PUB QUEEN, CLEARANCE DEALS 2025 UNBEATABLE, ETCYY STORE, BIBISHAN, FUN-T, AND YUNYANGSHANMAO (collectively, "Defendants").[1] on Amazon.com.  The Court previously granted Plaintiff's request for a temporary restraining order on November 17, 2025, and held a hearing in the matter on December 10, 2025, during which the Court orally granted Plaintiff's motion for a preliminary injunction.  The Court sets forth its reasoning below.

---

[1] Defendant QIUSUO was voluntarily dismissed from this matter. (ECF 20.)

## DISCUSSION

The Court finds Plaintiff has provided notice to Defendants in accordance with the Temporary Restraining Order entered November 17, 2025, and Rule 65(a)(1).

Plaintiff has provided a basis to conclude preliminarily that the Court has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including New York.  Specifically, Defendants have targeted sales to New York residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases and offer shipping to the United States including New York, and have sold products bearing or using infringing versions of Plaintiff's intellectual property, as shown in the table below, and hereinafter referred to as the "Works."

| Title of Work | Registration No. | Registration Date |
|---|---|---|
| "To The Moon and Back" | VA 2-377-634 | November 13, 2023 |
| "Hope" | VA 2-377-639 | November 13, 2023 |
| "Lucky Stars" | VA 2-377-737 | November 13, 2023 |
| "Moonlight Swing" | VA 2-377-857 | November 13, 2023 |

In this case, Plaintiff has presented screenshot evidence that each Defendant e-commerce store is operating one or more commercial, interactive internet stores through which New York residents can and do purchase products using infringing versions of Plaintiff's Works. Plaintiff has submitted screenshot evidence, (see ECF 9-1 to 9-15), confirming that each Defendant's e-commerce store does stand ready, willing and able to ship its infringing goods to customers in the United States, including New York, bearing or using infringing versions of Plaintiff's Works.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Rule 65.  "To obtain a preliminary injunction, a party must show '(1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest.'"  State Farm Mutual Automobile Insurance Co. v. Tri-Borough NY Medical Practice P.C., 120 F.4th 59, 79 (2d Cir. 2024) (quoting North American Soccer League, LLC v. United States Soccer Federation, Inc., 883 F.3d 32, 37 (2d Cir. 2018)).

Plaintiffs have shown a likelihood of success on the merits of their claims of copyright infringement because (1) the Works are registered with the U.S. Copyright Office, and (2) Defendants are not licensed or authorized to use the Works or any derivative.  Furthermore, Plaintiff has demonstrated a likelihood of irreparable harm from Defendants' continued and unauthorized use of the Works through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales.  Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law.  Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions, as Defendants' use of the Works is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products by Plaintiff.

3

Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

   a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing or using the Works, other than those actually manufactured or distributed by Plaintiff;

   b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing or using the Works; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing or using the Works; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant; and

   c. From copying, displaying, distributing or creating derivative works of Plaintiff's Works.

2. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the Works on or in connection with all Internet based e-commerce stores owned and

4

operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs. This order is limited to the Defendants' listings using the Works, on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs, and does not apply to the Defendants' entire e-commerce stores.

3. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use, listing, or offering for sale of the Works on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Internet-based e-commerce stores registered, owned, or operated by any Defendant, including the Internet based e-commerce stores operating under the Seller IDs.

4. Each Defendant shall not transfer ownership of the Seller IDs during the pendency of this action, or until further order of the Court.

5. Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the Seller IDs and shall take all steps necessary to retrieve computer files relating to the use of the Seller IDs that may have been deleted before the entry of this Order.

6.  Upon receipt of notice of this Order, Defendants and all financial payment processors, banks, escrow services, money transmitters, or marketplace platforms including but not limited to Amazon.com ("Amazon") and any other Third-Party Providers, including PayPal, Amazon Pay, Stripe, and others, shall, within seven (7) calendar days of receipt of this Order:

    a.  Locate all accounts and funds connected to Defendants' Seller IDs, store numbers, infringing product numbers, and/or the e-mail addresses identified;

    b.  Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court; and

    c.  Immediately divert those restrained funds to a holding account, which funds shall be held pending further Order of the Court.

7.  Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms receiving notice of this Order, including but not limited to Amazon, PayPal, Stripe, and their related companies and affiliates, shall further, to the extent not already done, provide Plaintiff's counsel with all data that details: (i) an accounting of the total funds restrained and identify the financial account(s) and sub-account(s) which the restrained funds are related to; (ii) the account transactions related to all funds transmitted into the financial account(s) and subaccount(s) which have been restrained; (iii) the historical sales for the defendants' listings that are alleged to infringe Plaintiff's copyrights; and

(iv) the true identities along with complete contact information including email addresses of all defendants.

8. No funds restrained by this Order shall be transferred or surrendered by any Defendant, financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website including but not limited to Amazon, PayPal, Stripe, and their related companies and affiliates for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without further Order of this Court.

9. No Defendant whose funds are restrained by this Order may transfer said funds in possession of any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to Amazon, PayPal, Stripe, and their related companies and affiliates restrained by this Order to any other financial institution, payment processor, bank, escrow service, money transmitter or marketplace website without further Order of this Court.

10. This Order shall apply to the Seller IDs, associated e-commerce stores and websites, and any other seller identification names, e-commerce stores, websites, or financial accounts which are being used by defendants for the purpose of counterfeiting and/or copying the Plaintiff's Works.

11. This Order shall remain in effect during the pendency of this action or until further Court Order.

12. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure

and the Southern District of New York Local Rules. Any third party impacted by this Order may move for appropriate relief.

13. Plaintiff shall provide notice of this Order to Defendants by serving a copy of this Order on Defendants by e-mail and/or online contact form or other means of electronic contact provided on the e-commerce stores operating under the Seller IDs, or by providing a copy of this Order by e-mail to the marketplace platform for each Seller ID so that the marketplace platform, in turn, notifies Defendants of the Order, or by other means reasonably calculated to give notice which is permitted by the Court.

14. Plaintiff shall post copies of this Order, as well as all other documents filed in this action on the website located at the URL www.sriplaw.com/notice and shall provide the address to the website to the Defendants via e-mail/online contact form.

15. Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendants by regularly updating the website located at the URL www.sriplaw.com/notice, or by other means reasonably calculated to give notice which is permitted by the Court.

16. The five-thousand-dollar ($5,000) bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

8

Dated: New York, New York
   December 12, 2025
   10:30 AM